UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

FELIPE MARRERO,
and other similarly situated individuals,

    Plaintiff (s),

v.

SUNDERMAN POOLS, INC.
d/b/a SOUTH WIND POOLS
and ROBERT SUNDERMAN, individually

    Defendants.

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FELIPE MARRERO and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants SUNDERMAN POOLS, INC. d/b/a SOUTH WIND POOLS, and ROBERT SUNDERMAN individually and alleges:

1. This is an action to recover money damages for unpaid wages, failure to pay half-time overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FELIPE MARRERO is a resident of Monroe County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SUNDERMAN POOLS, INC. d/b/a SOUTH WIND POOLS (hereinafter SOUTH WIND POOLS, or Defendant) is a Florida Profit Corporation having place of business in Monroe County, Florida, where Plaintiff worked for Defendant. Defendant was and is engaged in interstate commerce.

4. The individual Defendant ROBERT SUNDERMAN was and is now the owner/partner and operator of SOUTH WIND POOLS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Monroe County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff FELIPE MARRERO as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, reasonable attorney's fees and costs under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after September 2016 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant SOUTH WIND POOLS is a construction company specialized in commercial and residential pool and spas construction, remodeling, maintenance,

and related services. Defendants maintains place of business at 5635 4th Avenue, Key West Florida 33041.

8. Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN employed Plaintiff FELIPE MARRERO as a construction employee, from approximately April 2000, through November 01, 2018, or more than 18 years. However, for FLSA purposes, the relevant employment period is 113 weeks.

9. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction foreman with a wage rate of $26.00 an hour.

10. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 days with approximately 45 working hours and 2 weeks of 6 or 7 days with 58 hours or more. Plaintiff was unable to take bona fide lunch breaks.

11. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate, Plaintiff was not paid for overtime hours.

12. Plaintiff did not clock-in and out, but the owner of the business ROBERT SUNDERMAN was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly with checks and paystubs that did not provide information about the number of days and hours worked.

15. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained to the Defendants several times, but Defendants always refused to pay for overtime hours.

16. On or about November 01, 2019, Plaintiff was forced to leave his employment due to Defendants' refusal to pay overtime hours.  While employed with Defendants, Plaintiff also suffered discriminatory treatment and he is in the process of filing his Charge of Discrimination.

17. Plaintiff is not in possession of time and payment records, but he will provide a preliminary good faith estimate of his unpaid overtime hours based on 56 weeks of 45 working hours, and 57 weeks of 60 working hours per week. Plaintiff will adjust his calculations after proper discovery.

18. Plaintiff FELIPE MARRERO seeks to recover payment for his last week of regular wages, unpaid half-time overtime hours, retaliatory damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive minimum wages and payment at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff FELIPE MARRERO re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff FELIPE MARRERO, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. The employer SOUTH WIND POOLS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and

materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

24. Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN employed Plaintiff FELIPE MARRERO as a construction employee, from approximately April 2000, through November 01, 2018, or more than 18 years. However, for FLSA purposes, the relevant employment period is 113 weeks.

25. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction foreman with a wage rate of $26.00 an hour.

26. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 days with approximately 45 working hours and 2 weeks of 6 or 7 days with 58 hours or more. Plaintiff was unable to take bona fide lunch breaks.

27. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate, Plaintiff was not paid for overtime hours.

28. Plaintiff did not clock-in and out, but the owner of the business ROBERT SUNDERMAN was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be

in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime, based on 56 weeks of 45 working hours and 57 weeks of 60 working hours. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Eighteen Thousand Four Hundred Sixty Dollars and 00/100 ($18,460.00)

    b. <u>Calculation of such wages</u>:

    Total relevant number of weeks: 113 weeks
    Regular rate: $26.00 an hour x 1.5= $39.00-$26.00 paid=$13.00
    O/T rate: $39.00-$26.00 paid=$13.00 half-time O/T difference

### I. Half-time overtime for 56 weeks with 45 working hours weekly

    Relevant number of weeks: 56 weeks
    Total hours worked: 45 hours weekly
    Overtime hours weekly: 5 O/T hours weekly
    Overtime hours paid at regular rate: 5 hours
    Regular rate: $26.00 an hour x 1.5= $39.00-$26.00 paid=$13.00
    O/T rate: $39.00-$26.00 paid=$13.00 half-time O/T difference

O/T diff. $13.00 x 5 O/T hours=$65.00 weekly x 56 weeks=$3,640.00

### II. Half-time overtime for 57 weeks with 60 working hours weekly

Relevant number of weeks: 57 weeks
Total hours worked: 60 hours weekly
Overtime hours weekly: 20 O/T hours weekly
Overtime hours paid at regular rate: 20 hours
Regular rate: $26.00 an hour x 1.5= $39.00-$26.00 paid=$13.00
O/T rate: $39.00-$26.00 paid=$13.00 half-time O/T difference

O/T diff. $13.00 x 20 O/T hours=$260.00 weekly x 57 weeks=$14,820.00

Total I, and II: $18,460.00

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

36. At the times mentioned, individual Defendant ROBERT SUNDERMAN was, and is now, the owner/director and manager of Defendant Corporation SOUTH WIND POOLS. Individual Defendant ROBERT SUNDERMAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the

"Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of SOUTH WIND POOLS in relation to its employees, including Plaintiff and others similarly situated.  Individual Defendant ROBERT SUNDERMAN had absolute operational control of SOUTH WIND POOLS and he is jointly and severally liable for Plaintiff's damages.

37. Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN willfully and intentionally refused to pay Plaintiff FELIPE MARRERO overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiff seeks to recover for unpaid half-time overtime wages accumulated from the date of hire to his last day of employment.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff FELIPE MARRERO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FELIPE MARRERO and other similarly situated and against the Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with

   interest; and

C. Award Plaintiff FELIPE MARRERO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff FELIPE MARRERO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff FELIPE MARRERO and those similarly situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff FELIPE MARRERO re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff FELIPE MARRERO and those similarly-situated to recover from the Employer SOUTH WIND POOLS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

42. The employer SOUTH WIND POOLS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and

belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

43. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN employed Plaintiff FELIPE MARRERO as a construction employee, from approximately April 2000, through November 01, 2018, or more than 18 years. However, for FLSA purposes, the relevant employment period is 113 weeks.

46. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction foreman with a wage rate of $26.00 an hour.

47. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 days with approximately 45 working hours and 2

weeks of 6 or 7 days with more 58 hours or more. Plaintiff was unable to take bona fide lunch breaks.

48. Plaintiff worked more than 40 hours every week. However, Plaintiff was not paid for a substantial number of hours regular wages at any rate, not even the minimum wage as required by law.

49. Plaintiff was not paid for his last working week with Defendants, or the equivalent to approximately $1,040.00.

50. Plaintiff did not clock-in and out, but the owner of the business ROBERT SUNDERMAN was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

52. The records, if any, concerning the number of hours worked by Plaintiff FELIPE MARRERO, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

53. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

54. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage 2018 is $8.25, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Three Hundred Thirty Dollars and 00/100 ($330.00)

    b. <u>Calculation of such wages</u>:

    Total relevant weeks of employment: 113 weeks
    Total unpaid weeks:  1 week of 5 days
    Total hours worked: 40 hours
    Federal minimum wage:  $7.25
    Florida minimum wage 2018:  $8.25

    -2018 Fl. minimum wage $8.25 x 40 hrs.= $330.00

    c. <u>Nature of wages</u>:

    This amount represents unpaid regular wages.

55. Defendant SOUTH WIND POOLS unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations corresponding to his last week of employment.

56. Defendant SOUTH WIND POOLS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

57. At the times mentioned, individual Defendant ROBERT SUNDERMAN was, and is now, the owner/director and manager of Defendant Corporation SOUTH WIND POOLS. Individual Defendant ROBERT SUNDERMAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of SOUTH WIND POOLS in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant ROBERT

SUNDERMAN had absolute operational control of SOUTH WIND POOLS and he is jointly and severally liable for Plaintiff's damages.

58. Defendants SOUTH WIND POOLS, and ROBERT SUNDERMAN willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FELIPE MARRERO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FELIPE MARRERO and against the Defendants SOUTH WIND POOLS, and ROBERT SUNDERMAN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FELIPE MARRERO and those similarly situated demand trial by jury of all issues triable as of right by jury.

### COUNT III
### FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE OF FELIPE MARRERO; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

59. Plaintiff FELIPE MARRERO re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

60. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

61. The employer SOUTH WIND POOLS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

62. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

63. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN employed Plaintiff FELIPE MARRERO as a construction employee, from approximately April 2000, through November 01, 2018, or more than 18 years. However, for FLSA purposes, the relevant employment period is 113 weeks.

67. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction foreman with a wage rate of $26.00 an hour.

68. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 days with approximately 45 working hours and 2 weeks of 6 or 7 days with more 58 hours or more.

69. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but he was not paid for overtime hours.

70. Plaintiff did not clock-in and out, but the owner of the business ROBERT SUNDERMAN was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

71. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

72. Plaintiff was paid bi-weekly with checks and paystubs that did not provide accurate information about the number of days and hours worked.

73. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained to the Defendants several times, but Defendant ROBERT SUNDERMAN always refused to pay for overtime hours.

74. More recently, on or about September 28, 2019, Plaintiff complained and requested Defendant ROBERT SUNDERMAN to be paid for overtime hours. On or about October 12, 2018, Plaintiff made his last attempt to be paid for overtime hours at the correct rate. Defendants always deny payment for overtime hours.

75. These complains constituted protected activity under the Fair Labor Standards Act.

76. On or about November 01, 2018, Plaintiff was forced to resign from his position at SOUTH WIND POOLS, because Defendants unfairly denied overtime payment for hours worked in excess of 40 in every week period.

77. Therefore, on or about November 01, 2018, Plaintiff was constructively discharged, because, Defendant deliberately created unfair and illegal working conditions that any reasonable person could not accept, and Plaintiff was forced to resign.

78. In addition, Plaintiff was not paid regular wages for his last week of employment.

79. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful employment practices to Plaintiff's retaliatory constructive discharge.

80. At the times mentioned, individual Defendant ROBERT SUNDERMAN was, and is now, the owner/director and manager of Defendant Corporation SOUTH WIND POOLS. Individual Defendant ROBERT SUNDERMAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of SOUTH WIND POOLS in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant ROBERT SUNDERMAN had absolute operational control of SOUTH WIND POOLS and he is jointly and severally liable for Plaintiff's damages.

81. The motivating factor which caused Plaintiff's constructive discharge as described above was his complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been constructively discharge but for his complaints for unpaid overtime wages.

82. The Defendants' constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

83. Plaintiff FELIPE MARRERO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FELIPE MARRERO respectfully request that this Honorable

Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN that Plaintiff FELIPE MARRERO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SOUTH WIND POOLS and ROBERT SUNDERMAN to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FELIPE MARRERO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff FELIPE MARRERO demands trial by jury of all issues triable as of right by jury.

DATED:  September 12, 2019

Respectfully Submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com

*Attorney for Plaintiff*